United States District Court
For the Eastern District of California

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JERRY WAYNE MCCOY, | No   C-07-0662 VRW |
| Petitioner, | |
| v | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| WARDEN R J SUBIA, | |
| Respondent | |

Petitioner, Jerry Wayne McCoy, a California state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 USC § 2254. For the reasons set forth below, a writ is DENIED.

I

On March 2, 2004, a jury found petitioner guilty of one count of exhibiting harmful material to a minor and four counts of committing a lewd and lascivious act on a child under the age of 14 years. In all counts, his six-year-old stepdaughter, B, was the victim.

The California Court of Appeal affirmed the judgment in a partially published opinion. People v McCoy, 133 Cal App 4th 974 (2005). The Supreme Court of California denied review. Petitioner did not seek review via a state habeas petition.

Petitioner filed the instant federal habeas petition on April 25, 2007. He alleges that a readback of testimony to the jury outside of his and his counsel's presence violated his right to counsel and due process, challenges the constitutionality of CALJIC 2.20.1, argues that the trial court's exclusion of evidence impeaching B violated his constitutional rights, and alleges that the prosecutor committed misconduct by asking the jury to "send a message" to B.

Respondent filed an answer on February 28, 2008. Petitioner did not file a traverse.

II

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a); Rose v Hodges, 423 US 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 USC § 2254(d); Williams v Taylor, 529 US 362, 412-13 (2000). If the state court did not reach the merits of a claim, federal review of the claim is

2

1  de novo.  Nulph v Cook, 333 F3d 1052, 1057 (9th Cir 2003).

2  A federal court must presume the correctness of the state
3  court's factual findings.  28 USC § 2254(e)(1).  The state court
4  decision implicated by 2254(d) is the "last reasoned decision" of
5  the state court.  See Ylst v Nunnemaker, 501 US 797, 803-04 (1991);
6  Barker v Fleming, 423 F3d 1085, 1091-92 (9th Cir 2005).

7  Habeas relief is warranted only if the constitutional
8  error at issue had a "'substantial and injurious effect or influence
9  in determining the jury's verdict.'"  Brecht v Abrahamson, 507 US
10 619, 638 (1993).

### III

#### A

Petitioner alleges that his constitutional rights were violated when B's testimony was read back to the jury outside of his and his counsel's presence.  During deliberations, the jury sent the court a note asking for a readback of B's testimony about watching videos and viewing photographs on a computer with petitioner.  The court granted the request, directing two court reporters to conduct the readback in the jury room.  The court cautioned the jury not to ask questions or deliberate in the reporters' presence, and to request further readbacks only from the court.  The court overruled petitioner's express objection to this procedure and denied his request that the readback be conducted in open court.  Petitioner contends that in so doing, the court denied him his rights to the assistance of counsel and due process.

The state court rejected petitioner's claim, finding that the trial court did not commit error in allowing the readback

3

1  outside of petitioner's and his counsel's presence.  After reviewing
2  relevant federal and state case law, the court stated:

> Inferring a general rule from United States Supreme Court and California Supreme Court cases, we hold by parity of reasoning, on a record not only showing that the court carefully admonished the jury before the readback but also failing to show, let alone intimate, that McCoy's or his attorney's presence during readback could have assisted the defense in any way, that the court committed no constitutional error in allowing the readback over express defense objection.

People v McCoy, 133 Cal App 4th 974, 983 (2005).  As discussed below, the state court's rejection of petitioner's claim was reasonable.

     A defendant is entitled to the presence of counsel "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected."  Mempa v Rhay, 389 US 128, 134 (1967).  Furthermore, a defendant has a right to be present "at all critical stages of the criminal prosecution where his [or her] absence might frustrate the fairness of the proceedings."  Faretta v California, 422 US 806, 819 n15 (1975).  An accused has a right to be present and participate in proceedings if his presence "has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge."  Snyder v Massachusetts, 291 US 97, 105-106 (1934), overruled on other grounds by Duncan v Louisiana, 391 US 145, 154-155 (1968).  The Fourteenth Amendment does not, however, require a defendant's presence where "presence would be useless, or the benefit of a shadow."  Id at 106-107.

     The Supreme Court has not held that a readback is a critical stage of trial.  La Crosse v Kernan, 244 F3d 702, 707-708 (9th Cir 2001). As such, the state court opinion was not contrary to or an unreasonable application of clearly established federal law,

*United States District Court*
*For the Eastern District of California*

as determined by the Supreme Court of the United States.  <u>See</u> 28 USC § 2254(d).

Furthermore, petitioner's reliance on <u>Fisher v Roe</u>, 263 F3d 906 (9th Cir 2001), <u>overruled on other grounds by Payton v Woodford</u>, 346 F3d 1204 (9th Cir 2003), is misplaced.  In <u>Fisher</u>, the Ninth Circuit found that the readback of critical testimony during jury deliberations without the knowledge or participation of petitioners and counsel violated petitioners' due process rights and was contrary to clearly established federal law.  <u>Id</u> at 917.  The court in <u>Fisher</u> however, acknowledged that the inquiry as to whether a defendant's rights will be adversely affected by his absence from a readback is fact-sensitive, and limited its holding to the facts before it.  <u>Id</u>.  Unlike the situation in <u>Fisher</u>, here counsel was aware of the readback and it took place under the guidance of the trial judge.

Finally, even if the readback resulted in a constitutional violation, it did not have a substantial and injurious effect or influence in determining the jury's verdict.  <u>Brecht</u>, 507 US at 623.  As noted above, the trial court controlled the readback to the jury by instructing as follows:

> [The court reporters will] read it to you in the jury room.  You must not ask [the court reporter] any questions or ask her to read anything other than what you have indicated on this sheet of paper.  And, second, you must not discuss in either one of their presence (sic) anything about the case because that would be deliberating and you cannot deliberate while there's thirteen people in the room.  If you want anything else read, please come back into court or send me a note advising me of what else you want read.

Reporter's Transcript ("RT") 4943.  Furthermore, the jury requested the readback of portions of the testimony of a single witness,

United States District Court
For the Eastern District of California

rather than a substantial portion of the prosecution's case.  The requested testimony was finite and discernible.  B's testimony about watching movies is transcribed at RT 3167-69, 3175-77, 3304-07, 3472-75, 3510-14, 3533-41, 3676-77, 3690.  Her testimony about watching photos on the computer is transcribed at RT 3322-25, 3684-85.  The jury was also instructed "You must decide all questions of fact in this case from the evidence received in this trial and not from any other source."  RT 4910-11.  There is no evidence that the readback affected the jury's verdict.

For the above-mentioned reasons, petitioner's claim is denied.

B

Petitioner alleges that CALJIC No 2.20.1 violated his constitutional rights to due process, jury trial, to present a defense and confront witnesses against him, by improperly bolstering B's credibility.  Relying on three Court of Appeal decisions rejecting constitutional challenges to CALJIC No 2.20.3, the state court denied petitioner's claim.  McCoy, 133 Cal App 4th at 974-980.

In order to challenge a jury instruction on habeas, a petitioner must prove that the ailing instruction so infected the entire trial that the resulting conviction violates due process. Spivey v Rocha, 194 F3d 971, 976 (9th Cir 1999), citing Estelle v McGuire, 502 US 62, 72 (1991).  "The instruction must be viewed in the context of the entire trial and the jury instructions taken as a whole."  Id.  The relevant inquiry is "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a

manner that prevents the consideration of constitutionally relevant evidence." <u>Boyde v California</u>, 494 US 370, 380 (1990).

Here, petitioner has failed to demonstrate a reasonable likelihood that the jury applied the challenged instructions in an unconstitutional manner. CALJIC No 2.20.1 provides in relevant part:

> In evaluating the testimony of a child ten years of age or younger you should consider all of the factors surrounding the child's testimony, including the age of the child and any evidence regarding the child's level of cognitive development. A child, because of age and cognitive development, may perform differently than an adult as a witness, but that does not mean that a child is any more or less believable than an adult. You should not discount or distrust the testimony of a child solely because he or she is a child. 'Cognitive' means the child's ability to perceive, to understand, to remember and to communicate any matter about which the child has knowledge.

Petitioner has not demonstrated a reasonable probability that the jury understood the above instructions to bolster B's credibility.

In denying a due process challenge to CALJIC No 2.20.1, the Ninth Circuit has observed that CALJIC No 2.20.1 merely prevents disregard of a child's testimony, but does not amplify it. <u>See Brodit v Cambra</u>, 350 F3d 985, 990-91 (9th Cir 2003). This rationale similarly negates petitioner's contention that CALJIC 2.20.1 violated his right to jury trial, present a defense and confront witnesses. Accordingly, petitioner's entire claim lacks merit.

C

Petitioner alleges that the trial court's exclusion of evidence impeaching B violated his constitutional rights. Petitioner prepared to introduce evidence of B's alleged dishonesty,

7

1 fabrication and vivid imagination, including an instance when she
2 created an entire fantasy surrounding a frog figurine that she saw
3 in an aquarium. The trial judge, failing to see the relevance of
4 this evidence, prohibited its introduction.

5     The Court of Appeal denied petitioner's claim in a
6 unpublished portion of its opinion as follows:

> McCoy argues that the court's ruling precluding his
> proffer of "specific acts of dishonesty or fabrication to
> attack B's credibility" constituted a prejudicial abuse of
> discretion. The Attorney General argues that the court's
> ruling "excluding evidence of B's imagination" was not
> error.
>
> The parties' mutually inconsistent characterization of the
> court's ruling help to frame the issue before us. To shed
> light on that issue, we turn to the record of the motion
> in limine. McCoy's offer of proof was that a man who had
> babysat B for years would testify that she was "7, going
> on 15," had a "vivid imagination," was "bright" and
> "inquisitive," and once "created, in his words, an entire
> fantasy" of "an aquatic baby frog figurine in an
> aquarium." The prosecutor argues that the evidence had
> "no probative value." McCoy argues that the evidence went
> "to her <u>imagination</u>, her manner of speech, her ma[nn]er of
> acting[, and] * * * [h]er reluctance to change once she
> makes a statement." * * *  He analogized his offer of
> proof to the evidence that only after J discovered B
> masturbating to an adult magazine did she talk about the
> molestations, a chronology, he argued, that showed she
> "created something to get out of trouble." Noting the
> risks of confusing  the jury and wasting the jury's time
> with a story B made up about a frog, the court ruled
> inadmissible the evidence in McCoy's offer of proof.  (See
> Evid Code, § 352.)  "I just don't see that's relevant,"
> the court stated.  "I just don't see it. You made your
> offer of proof. I just can't see it."
>
> Although McCoy accurately argues that his case "turns on
> the credibility of witnesses," the rules of evidence
> nonetheless apply.  "No evidence is admissible except
> <u>relevant</u> evidence," which is "evidence, including evidence
> relevant to the credibility of a witness or hearsay
> declarant, having any <u>tendency</u> in reason to prove or
> disprove any <u>disputed fact</u> that is <u>of consequence</u> to the
> determination of the action." (Evid Code, §§ 210, 350,
> italics added.)  McCoy argues that his offer of proof

> showed "dishonesty or fabrication," but dishonesty describes acts that are neither "sincere" nor "trustworthy," and fabrication shows acts that one "invent[s] in order to deceive." Neither characterization of B's innocent childhood fantasy is apt. To the contrary, as McCoy candidly acknowledged at the hearing on his motion in limine, his offer of proof showed <u>imagination</u> —- the ability of the mind to be creative or resourceful" or "the faculty or action of forming ideas or mental images." The relevance of his offer of proof to any disputed fact of consequence was tenuous at best.
>
> A reviewing court will disturb a court's exercise of discretion to admit or exclude evidence only on a showing of arbitrariness, capriciousness, or patent absurdity causing a manifest miscarriage of justice. McCoy fails to make the requisite showing.

<u>McCoy</u>, 133 Cal App 4th at Part 1.

The admission of evidence is not subject to federal habeas review unless the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. <u>See</u> <u>Colley v Sumner</u>, 784 F2d 984, 990 (9th Cir 1986), <u>cert denied</u>, 479 US 839 (1986). Here, the exclusion of evidence proffered by petitioner did not result in a denial of due process. As the state court reasonably concluded, the evidence in petitioner's offer of proof merely demonstrated B's imagination and its relevance was minimal.

For the above-mentioned reasons, petitioner's claim lacks merit.

D

Petitioner alleges that the prosecutor committed misconduct during closing argument by arguing that the criminal justice system should not tell B she was not molested just because

9

she did not remember every detail of the crime. He asserts that in doing so, the prosecutor asked the jury to send B "a message."

The Court of Appeal summarized the prosecutor's comments as follows:

> The prosecutor argued that no one from his office talked with B about the specifics of the case or refreshed her memory with the pediatric nurse's report but that to avoid traumatizing her he met with her in his office, talked with her about things like school, and showed her where she, McCoy, and the jury were going to sit in court. "She was molested by Jerry McCoy," he argued. "She is not going to be molested by the criminal justice system." He argued that B's failure to remember details like the color of a woman's hair and the color of a strap-on penis were inconsequential. "Are you going to tell this child that wasn't molested because she didn't get the hair color right?," the prosecutor asked the jury. "Are you going to tell this child that she was not molested because she missed out on the color of that penis?"

McCoy, 133 Cal App 4th at Part 4. The state court proceeded to deny petitioner's claim, finding that "the prosecutor neither exhorted the jury to send the community a message nor played with jurors' emotions about an issue not properly before the jury but instead simply asked the jury to decide the case on the basis of the evidence." Id. The court concluded that the prosecutor's comments were a rhetorical device meant to ask "Are you going to find Mccoy not guilty because B . . ." rather than an attempt to play on the sympathies of the jury. Id.

The relevant inquiry in a claim of prosecutorial misconduct is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v Wainwright, 477 US 168, 181 (1986). A prosecutor's arguing facts supported by the record, and relevant to the charges, do not constitute a prohibited appeal to the jury's

10

emotions, passions, or sympathy for the victim.  <u>Tan v Runnels</u>, 413 F3d 1101, 1113, 1115 (9th Cir 2005).

The court has reviewed the record and the parties' arguments and concludes that petitioner has failed to establish a constitutional violation.  The prosecutor's arguments indeed constituted a rhetorical device rather than improper argument.  Moreover, the court instructed the jury that statements made by attorneys during trial are not evidence.  Clerk's Transcript 1025.  CALJIC No 1.00 was also given to the jury, instructing them that they "must not be influenced by sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling.  Both the People and a defendant have a right to expect that you will conscientiously consider and weigh the evidence, apply the law, and reach a just verdict regardless of the consequences."  RT 4909-10.  Curative instructions given by a trial judge are presumed to have been followed.  <u>United States v Brady</u>, 579 F2d 1121, 1127 (9th Cir 1978).

Petitioner fails to demonstrate that the state court decision was contrary to or unreasonable application of United States Supreme Court precedent.  His claim lacks merit.

\\

\\

\\

\\

\\

\\

**11**

V

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED.  The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

_____
Vaughn R Walker
United States District Chief Judge

**United States District Court**
For the Eastern District of California

**12**